

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2003

# USA v. Stackpole

Precedential or Non-Precedential: Non-Precedential

Docket 01-2033

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Stackpole" (2003). *2003 Decisions.* Paper 671.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/671

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 01-2033 and 01-2369

———————

UNITED STATES OF AMERICA

v.

R. STEVEN STACKPOLE,
                    Appellant No. 01-2033

————

UNITED STATES OF AMERICA

v.

JEFFREY KLEPPER,
                    Appellant No. 01-2369

———————

Appeals from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Nos. 00-cr-00046-1, 3)
District Court Judge:  Honorable William W. Caldwell

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2002

Before:  NYGAARD, ALITO and RENDELL, Circuit Judges.

(Filed: April 3, 2003)

———————

OPINION OF THE COURT

———————

RENDELL, Circuit Judge.

Steven Stackpole and Jeffrey Klepper appeal from their judgment of conviction and sentence following a jury trial for mail fraud, money laundering, and related charges connected to their participation in a Ponzi scheme. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We will affirm.

As we write solely for the parties, we need not detail the factual background of this appeal. Before us, appellants present two issues. First, appellants argue that the District Court's jury instructions, which suggested that conviction for conspiracy to commit mail fraud could be based in part on material omissions, were plainly erroneous.[1] We disagree. Appellants rely on the long settled common law rule that the failure to divulge material information is only fraudulent where there was some duty to disclose. See Chiarella v. United States, 445 U.S. 222 (1980); Copper Process Co. v. Chicago Bonding & Ins. Co., 262 F. 66 (3d Cir. 1920). But the record here makes clear that appellants were prosecuted not just for mere nondisclosure, but for a broad range of fraudulent conduct including misrepresentations, half-truths, as well as material nondisclosures intended to deceive. We have stated that fraud convictions such as these are valid where they are premised on "a scheme or artifice to defraud . . . 'involv[ing] some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and

---

[1] As there was no objection to the jury instructions at trial, counsel has conceded that our review is for plain error only. See Fed. R. Crim. P. 52(b).

comprehension,'" and that "[t]he scheme need not involve affirmative misrepresentation." Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1415 (3d Cir. 1991) (quoting United States v. Pearlstein, 576 F.2d 531, 535 (3d Cir. 1978)); see also United States v. Olatunji, 872 F.2d 1161, 1166-67 (3d Cir. 1989).  Other Courts of Appeals are generally in agreement.  See, e.g., United States v. Autuori, 212 F.3d 105 (2d Cir. 2000); United States v. Colton, 231 F.3d 890 (4th Cir. 2000); United States v. Brown, 79 F.3d 1550 (11th Cir. 1996); Emery v. American General Finance, Inc., 71 F.3d 1343 (7th Cir. 1995); United States v. Townley, 665 F.2d 579 (5th Cir. 1982).  Accordingly, there was no plain error in the District Court's instructions.

Appellants' second argument is apparently that the District Court's instruction on the liability of co-conspirators pursuant to Pinkerton v. United States, 328 U.S. 640 (1946), was somehow in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). However, appellants have not made at all clear how or why they believe an Apprendi violation to have occurred.  In Apprendi, the Supreme Court held that, other than the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490.  Here, the District Court gave a proper Pinkerton instruction, and the jury considered all of the elements of the crimes charged as constitutionally required. Accordingly, we are unable to divine any violation of Apprendi.

The orders of the District Court will be AFFIRMED.

_____

3

TO THE CLERK OF COURT:

Please file the foregoing not precedential opinion.

/s/Marjorie O. Rendell
Circuit Judge

Dated: April 3, 2003